432 So.2d 910 (1983)
STATE of Louisiana
v.
Weldon R. EASLEY.
No. 82 KA 0891.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Rehearing Denied June 3, 1983.
*911 Sam J. Dileo, Jr., Asst. Dist. Atty., Amite, for plaintiff-appellee State of La.
Richard Macaluso, Asst. Public Defender, Amite, for defendant-appellant Weldon R. Easley.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Defendant, Weldon R. Easley, was charged by bill of information with the distribution of methaqualone on February 19, 1980, in violation of LSA-R.S. 40:967A. After trial by jury, defendant was found guilty of possession of a controlled dangerous substance, a responsive verdict, and was sentenced to five years imprisonment at hard labor. From this conviction, defendant has appealed, alleging five assignments of error.
Facts
Defendant was arrested for the sale of eight methaqualone tablets to an undercover police officer. Defendant was introduced to the undercover officer, Leland Dwight, who was identified under an assumed name, by Russell F. Bittola, an informant who was paid to introduce the undercover officer to suspected narcotics dealers in the area. Defendant was convicted primarily on the testimony of Officer Dwight who testified that he, the defendant and Bittola, after Officer Dwight was introduced, went on a ride in defendant's truck. Officer Dwight asked defendant if he had any "ludes" to sell, and defendant told him to reach under the seat of the truck and pull out a pie pan. Officer Dwight took eight tablets from a larger number and paid defendant $24. The tablets were later determined by laboratory analysis to be methaqualone tablets.
Assignment of Error No. 1
Defendant orally moved for a continuance just prior to the beginning of the trial on March 22, 1982, on the ground that the Public Defender's office was not prepared to defend the case at that time. The state objected to the continuance, and the court denied the motion.
The Louisiana Code of Criminal Procedure, Article 707 provides that a motion for a continuance shall be in writing, and shall allege specifically the grounds upon which it is based. The motion must also be filed at least seven days prior to the commencement of trial.
A motion for continuance must be in writing, and an oral motion for continuance cannot be considered in the trial court or on appeal. LSA-C.Cr.P., art. 707, State v. Robicheaux, 412 So.2d 1313 (La.1982). Although the failure to prepare a written motion for continuance is excusable where *912 the circumstances necessitating the continuance arise unexpectedly, State v. Washington, 407 So.2d 1138 (La.1981), defendant moved for a continuance only on the ground that the defense was unprepared. The Public Defender's office had been appointed to represent defendant on November 11, 1981. The particular counsel representing defendant had been employed by the Public Defender's office as a permanent employee twelve days before trial, more than enough time to permit counsel to prepare a written motion for a continuance. The trial court properly concluded that the failure of defense counsel to prepare a timely written motion was not excusable under the holding in State v. Washington, supra.
Assignment of Error No. 2
As assignment of error number two, defendant urges that the court erred in refusing to admit in evidence before the jury the record in Docket No. 43738 entitled "State of Louisiana vs. Russell F. Bittola". Approximately four months after defendant's arrest, an indictment was handed down charging Bittola with the burglary of the Tangipahoa Parish Sheriff's office and the theft of drugs from the Sheriff's office. Defendant attempted to enter the record of that proceeding into evidence to impeach the testimony of Officer Dwight concerning Russell Bittola. The court sustained the state's objection on the grounds that it was not proper impeachment, it would serve only to confuse the jury, had no probative value, and was neither relevant nor material to the issues before the court.
The trial court has great discretion in determining the relevancy of evidence, and its determination will not be overturned absent a clear abuse of discretion. State v. West, 419 So.2d 868 (La.1982). Even relevant evidence may be excluded if it would create a collateral issue that would distract the jury. State v. Brown, 395 So.2d 1301 (La.1981).
In response to questioning by the state, Officer Dwight testified in regard to the alleged crimes of Bittola and his current status as a fugitive from justice.
Defense counsel had the opportunity to cross-examine Officer Dwight on these matters in order to impeach his testimony. The trial court properly found that this record was not admissible for this purpose. Indeed, the introduction of the record would seem only to corroborate Officer Dwight's testimony that Bittola was indicted for the crime of burglary and was an apparent fugitive from justice. Bittola's alleged involvement in a crime would have no bearing upon the question of whether in fact the tablets were sold to the undercover agent. This assignment of error has no merit.
Assignment of Error No. 3
Defendant urges that a reasonable finder of fact must have had a reasonable doubt as to a responsive verdict of possession of methaqualone. He argues in support of this assignment that the unusual circumstances surrounding the activities of the paid informant as testified to by the arresting police officer give rise to an insufficiency of the evidence necessary to convict.
The standard for review of an accused's conviction is whether, by looking at the evidence presented at trial in the light most favorable to the prosecution, a reasonable trier of fact could find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Long, 408 So.2d 1221 (La. 1982).
The record indicates that the jury was presented with testimony by a police officer regarding a purchase of narcotics from defendant. The officer testified that, on being asked if he had narcotics to sell, defendant responded by telling the officer to reach under the seat of defendant's truck and take out the number of tablets (methaqualone) that he wanted. The officer testified that defendant informed him of the price per tablet and accepted the money in payment. Defendant testified that the narcotics had been placed in the vehicle by the informant, Bittola; that the tablets did not belong to him, and that Bittola received the money from this purchase. The jury, as the *913 trier of fact, evidently felt that the police officer was the more credible witness, and we find there was a sufficient basis for their verdict.
Assignment of Error No. 4
Defendant contends that his motion for a new trial should have been granted, and Russell "Butch" Bittola should have been produced at trial because his testimony was crucial to the case.
Defendant submits that the whereabouts of this witness was known to the state police prior to the trial, and the state police made no attempt to arrest him after being made aware of his whereabouts.
Although Officer Dwight testified that the various law enforcement agencies were actively searching for Bittola, and had had no luck in locating him, defendant's motion for a new trial, filed June 9, 1982, alleges that the "law enforcement agencies have been constantly aware of Butch Bittola's whereabouts and they did not produce him at the trial nor did they disclose his whereabouts to the defense although they were under a duty to do so." Defendant claims he became aware of this information on June 7, 1982.
The trial court held a hearing on defendant's motion on July 14, 1982, and continued the hearing on August 18, 1982, before denying the motion. The record of the hearing on this motion reveals that the law enforcement agencies lacked sufficient information to determine the precise location of Bittola, and that Bittola could not in fact be located by the law enforcement agencies.
This assignment of error is without merit.
Assignment of Error No. 5
In this assignment the defendant contends that the trial court failed to adequately state for the record the reasons for the imposition of sentence, and did not give sufficient consideration to defendant's age, family background and employment history. Defendant further contends that the sentence of five years at hard labor was excessive, as it was the maximum sentence for possession of methaqualones.
The sentencing guidelines that must be followed by the trial court in imposing sentence are set forth in LSA-C.Cr.P., art. 894.1. However, it is not necessary that the trial court enumerate all of the factors that it has considered in determining the sentence; a detailed recitation is unnecessary; all that is necessary in the imposition of sentence is an adequate basis for review showing that all relevant factors have been considered. State v. Douglas, 389 So.2d 1263 (La.1980).
In imposing sentence upon defendant Easley, the trial court stated it had duly considered the Pre-Sentence Investigation Report, and that the sentence imposed was necessary to prevent further law violations by the defendant in the future, and that it felt that the imposition of a lesser sentence would deprecate the seriousness of the crime. The trial court noted, as was set forth in the Pre-Sentence Investigation Report, which this court has reviewed, that defendant had earlier been placed on probation after having been convicted of simple burglary on one occasion and having been convicted of possession of marijuana on another occasion. The defendant was twenty-three years of age at the time of imposition of the present sentence, as shown by the Pre-Sentence Investigation Report and the record. The trial court stated that in view of the fact that the defendant had two prior convictions, imprisonment was necessary to "impress upon the defendant the seriousness of his crime" in the hope of preventing him from further criminal violations. We find that the trial court has adequately complied with the requirements of LSA-C. Cr.P. 894.1.
The maximum sentence for possession of methaqualones is five years at hard labor and a fine of $5,000. LSA-R.S. 40:967C. Defendant was charged with distribution of methaqualones (in violation of 40:967A) and convicted of possession of that drug. Thus, although no fine was imposed, the prison sentence of five years at hard labor was the maximum term that could be imposed.
*914 The maximum sentence permitted under statute may be imposed only in cases involving the most serious offenses and the worst offenders. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981).
Defendant had a prior criminal record, as we have mentioned. One prior conviction involved possession of marijuana. Furthermore, defendant in the present case was charged and tried for distribution of methaqualones and convicted under a responsive verdict of possession, which is a lesser offense that carries with it a lesser maximum term of imprisonment. The evidence as presented at trial indicated that Easley could have been convicted of the more severe offense, distribution of methaqualone.
On the other hand, the prior conviction of simple burglary involved property worth less than $1,000.00 for which Easley made partial restitution under court imposed probation. He was gainfully employed, and lived with his parents. Nothing in the Pre-Sentence Investigation Report indicates that his parents were anything but law-abiding people. Thus, it appears that a lesser term of imprisonment might have been justified.
However, a trial judge has great discretion in imposing sentence within the statutory limits and it will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, supra. State v. Washington, 414 So.2d 313 (La. 1982). In view of Easley's prior record, we cannot say that the trial court was guilty of manifest abuse of discretion in imposing a sentence of five years at hard labor. Therefore, the sentence must be affirmed.
CONVICTION AND SENTENCE AFFIRMED.