WATKINS, Judge.
On November 11, 1983, defendant, Gary Brumfield was charged by bill of information with four (4) counts of armed robbery in violation of LSA-R.S. 14:64. On March 27, 1984, he was tried before a jury and convicted on all four counts as charged. On June 29, 1984, the trial court sentenced defendant to seventy-five (75) years imprisonment at hard labor on each count, to be served concurrently. In order to comply with LSA-R.S. 14:64, defendant was ordered to reappear before the trial court for resentencing on July 6, 1984, at which time the trial court amended the sentence to include the provision that defendant’s term in prison be served without benefit of parole, probation, or suspension of sentence. Defendant has appealed, alleging two assignments of error, as follows:
1. The trial court erred when it denied defendant’s motion to suppress a confession.
2. The trial court erred by failing to comply with the guidelines for sentencing under LSA C.Cr.P. art. 894.1, and by imposing an excessive sentence.
FACTS:
On October 10, 1983, at approximately 10:30 p.m., the defendant entered the Four Seasons Restaurant, located at 2323 Acadi-an Thruway in Baton Rouge, drew his gun and proceeded to rob the cook, a waitress, and two customers, taking cash, credit cards, and other valuables. The very next day, the defendant was arrested in New Orleans for attempting to use a stolen credit card. The credit card was found to belong to one of the customers of the Four Seasons Restaurant who had been robbed the night before. Defendant was informed of his rights and taken into custody by New Orleans police. Detectives Phares and Woodring, of the Baton Rouge Police Department, transported the defendant from New Orleans to Baton Rouge. During the trip from New Orleans to Baton Rouge defendant confessed to the robbery at the Four Seasons.
ASSIGNMENT OF ERROR NUMBER 1:
Defendant argues that the trial court erred when it denied defendant’s motion to suppress a confession made in the presence of police officers while being taken from *1063 New Orleans to Baton Rouge. Defendant specifically alleges that his confession made while riding back to Baton Rouge with Detectives Phares and Woodring was induced by threats of future beatings, verbal harassment, and a refusal to respect defendant’s rights to remain silent.
Before a confession or inculpato-ry statement can be introduced into evidence, the State has the heavy burden of proving affirmatively and beyond a reasonable doubt that it was free and voluntary. The defendant must have given the statement free of the influence of duress, fear, threats, inducements or promises. LSA-R.S. 15:451; State v. Green, 443 So.2d 531 (La.1983); State v. Burkhalter, 428 So.2d 449 (La.1983); State v. West, 408 So.2d 1302 (La.1982); State v. Henry, 352 So.2d 643 (La.1977). Additionally, it must be shown that an accused who makes a statement or confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); State v. Henry, supra. The trial court’s conclusion about the admissibility of a confession will not be disturbed if supported by the evidence. State v. Burkhalter, supra.
At the hearing on the motion to suppress, defendant testified that he was beaten, threatened that he would be beaten again, and verbally harassed. Detective Phares testified that he had asked defendant if he understood the Miranda rights. Then, upon being satisfied that the defendant understood his rights, Detective Phares asked him if he had anything to do with the robbery of the Four Seasons Restaurant, which defendant initially denied. Detective Phares also testified that the defendant did not invoke his right to remain silent nor ask for counsel, but to the contrary conversed willingly and freely. Detective Woodring’s testimony corroborated that of Detective Phares.
When credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility is at issue, the trial court’s determination will not be overturned on appeal unless its finding of fact is clearly an abuse of discretion. State v. West, 419 So.2d 868 (La.1982).
It is apparent that the trial court found the testimony of the Detectives more credible than defendant’s. After a review of the record we find that the trial court did not abuse its discretion in ruling that defendant’s confession was given voluntarily and freely, with full knowledge of his rights.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2:
In this assignment of error, defendant argues that the trial court failed to follow the sentencing guidelines under LSA C.Cr.P. art. 894.1, and that the sentence imposed is excessive. Since defendant failed to brief this assignment it is considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4. We will, therefore, only consider whether defendant’s sentence is excessive.
The trial court has great discretion in imposing sentence within the statutory limits, and it will not be set aside absent a manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983).
A review of individual excessiveness is considered in light of the criteria set forth in LSA-C.Cr.P. art. 894.1, the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La.1979).
The trial court, in considering the sentencing criteria of art. 894.1, noted defendant’s extensive criminal record and the dangerous circumstances of the present crime, wherein four innocent people could have been killed or injured. It was the trial court’s concern that, if allowed back in society, defendant would again commit a dangerous crime.
*1064 The sentencing range for a conviction of armed robbery runs from a minimum of five (5) years to a maximum of ninety-nine years in prison at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant was sentenced to seventy-five (75) years at hard labor without benefit of parole, probation, or suspension of sentence on each of the four counts, to be served concurrently. Although a sentence may still be considered excessive though within the statutory limit, State v. Sepulvado, 367 So.2d 762 (La.1979), we do not find the sentence in this case to be an abuse of trial court’s sentencing discretion.
This assignment of error is without merit.
For the above stated reasons, the conviction and sentence of Gary Lee Brumfield are affirmed.
AFFIRMED.