532 So.2d 1187 (1988)
STATE of Louisiana
v.
Kenneth E. WATKINS. (Two Cases)
No. KA 88 0099, KA 88 0100.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
Bryan Bush, Dist. Atty. by Louis Daniel, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
*1188 EDWARDS, Judge.
Kenneth E. Watkins was charged by bill of information with forgery, in violation of LSA-R.S. 14:72. He pled not guilty and, after trial by jury, was found guilty as charged. In a separate trial, the defendant was convicted of simple kidnapping. Subsequently, the prosecution filed two habitual offender bills of information; and, after a hearing, the defendant was adjudicated a second felony offender. He was sentenced to ten years at hard labor for the simple kidnapping conviction and twenty years at hard labor for the instant forgery conviction.[*] The defendant's simple kidnapping conviction and enhanced sentence were addressed by this Court in a prior appeal, also decided this date. See State v. Watkins, 532 So.2d 1182 (La.App. 1st Cir.1988). In the instant appeal of his forgery conviction and enhanced sentence, the defendant alleges twenty-eight assignments of error.
Assignments of errors numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 22, 23, 24, 25, and 26 were not briefed on appeal and, therefore, are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4. Furthermore, assignments of error numbers 16 and 21, both of which related to the habitual offender hearing, have been previously addressed by this Court in the defendant's appeal of his simple kidnapping conviction and enhanced sentence. For the reasons cited by this Court in the defendant's prior appeal, those assignments of error are meritless. See State v. Watkins, 532 So.2d 1182 (La.App. 1st Cir.1988). Therefore, only assignments of error numbers 27 and 28 will be addressed herein.
At approximately 12:00 p.m. on June 14, 1986, the defendant contacted Bess O'Brien, the manager of the Seville Apartments in Baker, Louisiana. The defendant was interested in renting an apartment, and Ms. O'Brien showed three vacant apartments to the defendant. The defendant decided to rent one of them and filled out an apartment application form. The defendant indicated that he did not have the money with him but would return when he received his paycheck and pay for the apartment. The next day, June 15, 1986, the defendant returned to the Seville Apartments and explained to Ms. O'Brien that he did not have the money for the apartment but would have it shortly. At approximately 9:00 p.m. on June 16, 1986, the defendant again returned to the Seville Apartments and presented Ms. O'Brien with a blank check. The check was drawn on the account of Zito's Upholstering Shop. The defendant explained to Ms. O'Brien that Mr. Zito was his uncle. He informed her that she could hold the check until the following morning, when he and his uncle would return and pay cash for the apartment. The defendant then informed her that, if she wished, she could cash the check. Ms. O'Brien then stated that the check was not good until signed. The defendant asked Ms. O'Brien whose name she wished him to place on the check, and she replied: "whoever this check belongs to." At that point, the defendant signed the check in the name of "Phil Zito" and gave it to Ms. O'Brien.
The following morning, June 17, 1986, when the defendant did not return, Ms. O'Brien telephoned Mr. Zito and asked him about the check. Mr. Zito replied that the defendant did not have permission to write the check. Later, Ms. O'Brien called the police and the defendant was subsequently arrested.
At the trial, Mr. Zito testified that he was not related to the defendant. He stated that he had been married three times, that the defendant's grandmother was his last wife, and that this marriage did not last very long. He testified that, a few days earlier, after the defendant had visited his home, he discovered that several checks were missing from his checkbook. He called the bank and stopped payment on the missing checks. Mr. Zito also testified that he had not written the check to the Seville Apartments, nor had he ever given the defendant or anyone else permission to *1189 write checks on his business account. The defendant did not testify at the trial.

ASSIGNMENT OF ERROR NUMBER TWENTY-EIGHT
In this assignment of error, the defendant contends that the evidence was insufficient to support his conviction of forgery.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
We note that, in order to challenge a conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See LSA-C. Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), cert. denied, 511 So.2d 1152 (La.1987).
In his brief to this Court, the defendant argues that the prosecution failed to prove that he had the intent to defraud anyone. He notes that Ms. O'Brien observed him fill out and sign the check. He argues that, therefore, she knew that he was not Mr. Zito. He claims that, although he told Ms. O'Brien that she could cash the check, there was an understanding by the two of them that the check was to be merely a "security deposit." Finally, the defendant observes that, unlike most forgery cases, the instant check was not negotiated, nor did any party sustain a loss.
LSA-R.S. 14:72 provides:
Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.
Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both.
Clearly, upon examining the above statute, it is obvious that negotiation of the instrument and/or a financial loss are not elements of the offense of forgery. Therefore, the State was not required to prove that the check was negotiated or that some party sustained a financial loss. The State was required to prove an "intent to defraud." In State v. Marler, 428 So.2d 954, 956 (La.App. 1st Cir.), cert. denied, 433 So.2d 151 (La.1983), this Court stated:
It is the essence of forgery that the writing purports to be the act of another person. It is unnecessary to prove that the offender intended to defraud any particular person. The criminal intent required for forgery is to defraud any person, and it suffices if the forged instrument has prejudiced or might prejudice the rights of another. An intent to profit by the act is not a necessary element of the offense. Moreover, specific intent is a state of mind and need not be proved as a fact but may be inferred from the circumstances and transactions of the case. (Citations omitted.)
Therefore, the State was not required to prove that the defendant specifically intended to defraud either Mr. Zito or the Seville Apartments, or both. Instead, the State was only required to prove that the defendant intended to defraud someone. The defendant's argument that the check was merely intended as a "security deposit" for the apartment and, therefore, that the defendant could not have defrauded anyone, is not persuasive. The apartment rental form indicated that the monthly rental rate was $275.00. The instant check was in the amount of $425.00. While there was no testimony about a security deposit, part of the amount of the check might have been for a $150.00 security deposit. Nevertheless, the remaining $275.00 was clearly intended to pay the first month's apartment rental rate.
*1190 The fact that the defendant took some checks from Mr. Zito without his permission, filled out one of them in the amount of $425.00 to the Seville Apartments, and signed the name "Phil Zito" leaves no doubt that the defendant intended to defraud someone. While he first told Ms. O'Brien to hold the check until he returned with the cash the next day, he later told her that she could cash the check if she wished. We conclude that an intent to defraud someone can be inferred from the defendant's actions and from the circumstances of the apartment rental transaction. We believe that a rational trier of fact, viewing all of the evidence as favorably to the prosecution as any rational fact finder can, could have concluded that the State proved beyond a reasonable doubt that the defendant was guilty of forgery. See State v. Mussall, 523 So.2d 1305 (La. 1988).
This assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER TWENTY SEVEN
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
The defendant's forgery and simple kidnapping sentences were both imposed in the same multiple offender proceeding. In the defendant's previous appeal of the simple kidnapping conviction and enhanced sentence, we concluded that the trial court had thoroughly complied with the sentencing guidelines of Article 894.1 in imposing sentence. Since the sentencing considerations related to both sentences, we conclude that, for the reasons previously stated in the defendant's prior appeal, the trial court satisfied the sentencing guidelines of article 894.1 in imposing the instant sentence.
For his conviction of forgery, the defendant was exposed to a maximum sentence of ten years at hard labor, and a maximum fine of $5,000.00. See LSA-R.S. 14:72. After being adjudicated a second felony habitual offender, the defendant was exposed to a maximum sentence of twenty years at hard labor. See LSA-R.S. 15:529.1A(1). The defendant received the maximum sentence of twenty years at hard labor, but no fine was imposed. This Court has stated that the maximum sentence permitted under a statute may be imposed only in cases involving the most serious offenses and the worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). The fact that the defendant took the checks from Mr. Zito without his permission indicates that the defendant planned in advance to issue at least one, if not more, forged checks. While the amount of money involved was not great, it was significant. Clearly the defendant, a convicted aggravated rapist who committed forgery, simple kidnapping, and simple battery within three months of his release from Angola, is the worst type of offender. Considering the circumstances of this offense and the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentence imposed.
This assignment of error is meritless.
AFFIRM CONVICTION AND SENTENCE.
NOTES
[*] "The trial court imposed the instant sentence without eligibility for diminution of sentence for good behavior, pursuant to LSA-R.S. 15:571.3C.