532 So.2d 1182 (1988)
STATE of Louisiana
v.
Kenneth E. WATKINS (Two Cases).
Nos. KA 88 0097, KA 88 0098.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
*1183 Bryan Bush, Dist. Atty., Baton Rouge by Louis Daniel, Asst. Dist. Atty., for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
Kenneth E. Watkins was charged by bill of information with simple kidnapping, in violation of LSA-R.S. 14:45. He pled not guilty and, after trial by jury, was found guilty as charged. Subsequently, the prosecution filed a habitual offender bill of information; and, after a hearing, the defendant was adjudicated a second felony offender and sentenced to ten years at hard labor.[1] The defendant has appealed, alleging twenty-eight assignments of error.
*1184 Assignments of error numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 22, 23, 24, 25, 26, and 28 were not briefed on appeal and, therefore, are considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.

FACTS
On August 20, 1986, the victim, a female real estate agent, was kidnapped by the defendant and terrorized in an ordeal which lasted approximately two hours. Earlier that day, the defendant had telephoned her and set up an appointment for 1:00 p.m. At 1:00 p.m. that afternoon, the defendant arrived at the victim's office and discussed the purchase of a house with the victim. At approximately 2:30 p.m., the victim and the defendant left her office in her car and drove to the northern part of East Baton Rouge Parish, where the victim showed the defendant several houses. In the last house, the defendant suddenly grabbed the victim and choked her until she nearly was rendered unconscious. He forced her into the attic, produced a rope or cord of some type, and bound her hands. He informed her that he was not going to rape her but was going to take her "for security" and would kill her if she did not cooperate.
The defendant took the victim outside and placed her in the passenger seat of her car, a grey, 1984 Oldsmobile 88, and drove her across the state line into Mississippi. During the ordeal, the victim asked the defendant to loosen the rope because it was hurting her wrists and fingers; the defendant eventually complied. Later, at a truck stop in Fernwood, Mississippi, when the defendant stopped to buy gas, the victim managed to untie her hands and run for help. The defendant sped away in the victim's car and managed to elude the authorities that night. However, he was apprehended the next day and returned to Louisiana.
At the trial, the victim positively identified the defendant as the man who had kidnapped her. It was also stipulated that the defendant's fingerprints were found on the trunk of the victim's car. The defendant's taped confession, in which he admitted kidnapping the victim, was played to the jury.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contends that the trial court erred in ruling that the LSA-C.Cr.P. article 768 notice filed by the State was "good and sufficient." Immediately before trial, the prosecutor filed a notice of intent to introduce into evidence a taped confession, a letter which the defendant had written to the judge, and res gestae statements which the defendant made to the victim. Defense counsel objected, but the trial court overruled the objection and found that the notice given by the State was "good and sufficient." In his brief to this Court, the defendant notes that LSA-C.Cr.P. art. 768 does not apply when the defendant has been granted discovery. This assertion is correct. The defendant argues that, because article 768 was inapplicable, the information in the State's article 768 notice should have been inadmissible at the trial because it was not provided in discovery. However, the State's answers to the defendant's discovery motion clearly revealed the existence of the taped confession made by the defendant. In an amended answer to discovery, the State also disclosed that the defendant had written a letter to the trial court requesting that he be released on bail. A copy of the letter was included in the amended answer to discovery. The only item in the State's article 768 notice which had not been provided in answers to discovery was the existence of res gestae statements made by the defendant. However, even had the State disclosed the existence of these res gestae statements in its answers to discovery, the defense would have been entitled to learn only that they existed, not the content of these statements. LSA-C.Cr.P. art. 716 B.
By ruling that the State's article 768 notice was "good and sufficient," the trial court was, in effect, making a determination that the State had properly complied with its pretrial discovery obligations. While the State erred in failing to disclose *1185 in its answers to discovery that the defendant had made res gestae statements, this error was sufficiently cured by the disclosure of these statements in the article 768 notice. Furthermore, since the defendant was entitled to discover only the existence, not the contents, of these res gestae statements, their disclosure immediately before trial did not prejudice the defendant. See State v. Jackson, 450 So.2d 621, 630-631 (La.1984).
This assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER SIXTEEN
In this assignment of error, the defendant contends that the trial court erred in overruling his objection to the introduction into evidence of State Exhibits S-1, S-2, and S-3 during the habitual offender hearing.
At the habitual offender hearing, the State introduced documents intended to prove that the defendant had been previously convicted of aggravated rape. Defense counsel argued that State Exhibits S-1, S-2, and S-3 should not be allowed into evidence because they did not comply with the provisions of the habitual offender statute, LSA-R.S. 15:529.1. Specifically, defense counsel argued that some of these documents were certified by a deputy clerk of court, rather than the clerk of court, as provided in LSA-R.S. 15:529.1 F. However, a deputy clerk of a district court is the legal custodian of documents filed in that court. See LSA-R.S. 13:910, 914. Furthermore, a copy of a document which is certified by its legal custodian is equivalent to the original in authenticity. See LSA-R.S. 15:457; State v. Obran, 496 So. 2d 1132, 1134 (La.App. 4th Cir.1986). Therefore, the trial court correctly overruled this objection.
After these exhibits were introduced into evidence at the habitual offender hearing, defense counsel also objected that the same predicate conviction (aggravated rape) was being used to enhance the sentences for two subsequent convictions (the instant simple kidnapping conviction and the defendant's forgery conviction). Neither in his brief to this Court, nor at the habitual offender hearing, was the defendant able to cite any statutory or jurisprudential authority which would prevent the defendant's aggravated rape conviction from being used in the enhancement of the sentences for his subsequent simple kidnapping and forgery convictions. There is no doubt that, given compliance with the five year requirement in LSA-R.S. 15:529.1 C, the same predicate offense could be used in the enhancement of second and subsequent felony convictions. The defendant's convictions for simple kidnapping and forgery were not entered on the same day. (See State v. Chapman, 367 So.2d 808, 810 (La.1979), wherein the Louisiana Supreme Court held that multiple convictions entered on the same day should be treated as one conviction for applying the habitual offender statute.) We hold that the trial court correctly ruled that the defendant's aggravated rape conviction could be used to enhance, as a second felony offense, the sentences of the defendant's subsequent simple kidnapping and forgery convictions.
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER TWENTY-ONE
In this assignment of error, the defendant contends that the trial court erred in accepting Ms. Ettie Travis as an expert in the field of identification, recognition, and comparison of rolled fingerprints.
LSA-R.S. 15:466 provides:
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.
The acceptance of a witness as an expert is a matter entrusted to the discretion of the trial court. Its ruling will not be overturned on appeal absent an abuse of discretion. State v. Lewis, 489 So.2d 1055, 1061 *1186 (La.App. 1st Cir.), cert. denied, 493 So.2d 1218 (La.1986).
Ms. Ettie Travis testified that she had been working with fingerprints for fourteen years and was a fingerprint technician supervisor for the Louisiana State Police for the past four years. Her current duties included supervising a group of fingerprint technicians and supervising the classification of new fingerprints. Her technical training included six months of on the job training by a former supervisor and an F.B.I. latent fingerprint training course at L.S.U. She testified that she did not compare latent fingerprints, only rolled prints. She testified that, in her career, she had made a few hundred thousand comparisons of rolled fingerprints. Finally, she testified that, in connection with her duties as a fingerprint technician supervisor for the Louisiana State Police, she had been accepted as an expert witness on four previous occasions in the 19th and 21st Judicial District Courts. Considering these qualifications, we find no abuse of the trial court's great discretion in this area.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER TWENTY-SEVEN
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
The Code of Criminal Procedure sets forth items which must be considered by the trial court in imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984). In light of the criteria expressed by article 894.1, a review of the individual excessiveness must consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Lewis, 489 So.2d 1055, 1061 (La.App. 1st Cir.), cert. denied, 493 So.2d 1218 (La.1986).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). However, the trial court has wide discretion in the imposition of sentences; and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Louis, 496 So.2d 563, 568 (La.App. 1st Cir.1986).
At the conclusion of the habitual offender hearing, the defendant was adjudicated a second felony offender. Before imposing sentence, the trial court stated that it had reviewed the pre-sentence investigation report. The report indicated that the defendant, age thirty-one, had a juvenile record and an adult criminal record which contained numerous arrests and three felony convictions, including the instant offense. Referring to the instant offense, the trial court noted that the victim did nothing to induce or facilitate the crime. The trial court reviewed the defendant's social background, education, physical and mental health, and employment record. Concluding that the defendant's criminal conduct was the result of circumstances likely to recur, the trial court stated that the defendant was in need of correctional treatment and that any lesser sentence would deprecate the seriousness of the offense. We find that the trial court thoroughly complied with the sentencing guidelines of article 894.1 in imposing this sentence.
For this conviction of simple kidnapping, the defendant was exposed to a maximum sentence of five years at hard labor. See LSA-R.S. 14:45 B. After being adjudicated a second felony habitual offender, the defendant was exposed to a maximum sentence of ten years at hard labor. See LSA-R.S. 15:529.1 A(1). The defendant received the maximum sentence.[2] This Court has stated that the maximum sentence permitted under a statute may be imposed only in cases involving the most serious offenses and the worse offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). *1187 In committing the instant offense, the defendant grabbed the victim, choked her, tied her hands, placed her in her car, and drove her across the state line into southwest Mississippi. During this ordeal, the victim only managed to escape because the defendant was forced to stop and buy gas. There is no doubt that this was the worst type of offense in the category of simple kidnapping. Clearly the defendant, a convicted aggravated rapist who committed simple kidnapping, forgery, and simple battery within three months of his release from Angola, is the worst type of offender. Considering the circumstances of this offense and the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentence imposed.
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In a separate trial, the defendant was convicted of forgery. His forgery sentence was also enhanced in this habitual offender hearing. The defendant's forgery conviction and enhanced sentence are addressed in a separate appeal also decided this date. See State v. Watkins, 532 So.2d 1187 (La.App. 1st Cir.1988).
[2] The trial court imposed the instant sentence without eligibility for diminution of sentence for good behavior, pursuant to LSA-R.S. 15:571.3 C.