604 So.2d 675 (1992)
STATE of Louisiana
v.
Albert MICKEY, Jr. (Two Cases).
Nos. KA 91 0853, KA 91 0854.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
*676 John Schooenberg, Houma, for plaintiff and appellee State of La.
Roy A. Jefferson, Jr., Office of Indigent Defenders, Houma, for defendant and appellant Albert Mickey, Jr.
*677 Before LOTTINGER, EDWARDS and GONZALES, JJ.
EDWARDS, Judge.
The defendant, Albert Mickey, Jr., was originally charged by grand jury indictment with first degree murder, in violation of LSA-R.S. 14:30. Subsequently, the charge was amended to second degree murder, a violation of LSA-R.S. 14:30.1. He pled not guilty and, after a trial by jury, was found guilty of the responsive offense of manslaughter, a violation of LSA-R.S. 14:31. The defendant received a sentence of twenty-one years at hard labor. Thereafter, the state filed an habitual offender bill of information. After a hearing, the trial court found the defendant to be an habitual offender, vacated the original sentence, and resentenced the defendant to forty-two years at hard labor. The defendant has appealed, alleging two assignments of error, as follows:
1. The trial court erred in failing to follow the provisions of LSA-R.S. 15:529.1.
2. The trial court erred in imposing an excessive sentence.
There is very little factual information about the instant offense in the record because the defense did not designate the trial transcript as part of the appellate record. At the original sentencing hearing, the trial court indicated that the defendant shot the victim in the head during the commission of an armed robbery.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contests his adjudication as an habitual offender. Specifically, he contends that the testimony of the fingerprint expert was insufficient to establish his identity as the same person who committed the prior felonies, the state failed to prove the five year cleansing period in LSA-R.S. 15:529.1 C, and the trial court erred in failing to fully comply with LSA-R.S. 15:529.1 D(1).
An habitual offender hearing was conducted on January 28, 1991. To prove the defendant's prior felony convictions of attempted simple escape and attempted unauthorized use of a movable valued in excess of one thousand dollars, the state introduced S-1, a certified copy of the minutes, bill of information, and other pleadings in Ouachita Parish Docket No. 44362, and S-2, a certified copy of the defendant's "pen pack" from the Department of Public Safety & Corrections. S-3 and S-4 were certified copies of the minutes of the defendant's conviction and the original sentencing hearing for the instant offense of manslaughter. S-5 was a copy of the defendant's fingerprints attached to the indictment at the conclusion of the original sentencing hearing. All of these exhibits were introduced into evidence without objection by the defense. William Null, who was a Captain and Chief of Detectives in the Houma Police Department until he retired in November of 1989, was accepted by the trial court as an expert in fingerprint identification. He testified that the photographic reproduction of the fingerprints in S-1 was of insufficient quality to make a comparison even with the aid of a magnifying glass. However, Mr. Null compared the fingerprints contained in S-2 (the defendant's "pen pack") to the fingerprints contained in S-5 and concluded that they were the same. He also testified that he knew the defendant and had arrested the defendant for the instant offense. At the conclusion of Mr. Null's testimony, the state rested. The defense did not introduce any evidence. After entertaining argument, the trial court found the defendant to be a multiple offender. Considering the above documentary evidence and the expert fingerprint testimony, we find the state introduced sufficient proof of the defendant's status as a multiple offender under LSA-R.S. 15:529.1.
The documentary evidence introduced at the habitual offender hearing indicated the following: (1) the defendant committed the predicate felony offenses of attempted simple escape (count 1) and attempted unauthorized use of a movable valued in excess of one thousand dollars (count 2) on February 10, 1986; (2) the defendant was sentenced on January 8, 1987, to a total of four years at hard labor for these convictions; (3) the defendant was discharged from prison on March 10, 1989; and (4) he was convicted of the instant *678 offense of manslaughter on September 25,1990. None of the documents introduced at the habitual offender hearing contained the date of the instant offense. Nevertheless, William Null testified that he arrested the defendant for the instant offense, which occurred on or about September of 1989. In fact, we note that the amended indictment contained in the instant record on appeal indicates the instant offense actually occurred on October 22, 1989. Considering all of the above, we find that the five year cleansing period provided in LSA-R.S. 15:529.1 C had not expired at the time the defendant committed the instant offense.
This court has held that, before a defendant pleads guilty or stipulates to the charges in an habitual offender bill of information, the trial court must advise the defendant of the specific allegations contained in the habitual offender bill of information, his right to be tried as to the truth thereof, and his right to remain silent. See LSA-R.S. 15:529.1 D(1). Otherwise, such failure on the part of the trial court constitutes reversible patent error requiring that the habitual offender adjudication and sentence be vacated. See State v. Griffin, 525 So.2d 705, 707 (La.App. 1st Cir.1988). However, in the instant case, while the defendant may not have been advised of the specific allegations in the habitual offender bill of information or of his right to be tried as to the truth thereof, any such error was harmless, because the defendant did not plead guilty or stipulate to the charges in the habitual offender bill. Instead, a habitual offender hearing was conducted, wherein the state actually proved the truth of the allegations and the defendant's identity. Therefore, while the trial court may not have fully complied with LSA-R.S. 15:529.1 D(1), by failing to inform the defendant of the specific allegations in the habitual offender bill and of his right to be tried as to the truth thereof, under the circumstances present herein, we find that any such error is harmless. See State v. Washington, 563 So.2d 530, 533 (La.App. 5th Cir.1990). See also State v. Mallett, 552 So.2d 28, 29-30 (La.App. 3d Cir.1989), writs denied, 556 So.2d 1258 and 558 So.2d 567 (La.1990).
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. TWO
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La. 1990). In light of the criteria expressed by article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
At the original sentencing hearing, the trial court provided extensive reasons for imposing the maximum sentence of twenty-one years at hard labor. The trial court reviewed the defendant's criminal record, which consisted of a misdemeanor conviction for simple battery and the two felony convictions for attempted simple escape and attempted unauthorized use of a movable valued over one thousand dollars. Because of the defendant's criminal record, the trial court found a strong likelihood that he would commit another crime if placed on probation. Reviewing the facts of the instant offense, the trial court found that the defendant had shot and killed the victim in an unprovoked manner during the course of an armed robbery and stated that the defendant had not expressed *679 sorrow for his part in this offense. The trial court noted the defendant's youthful age, but concluded that he was in need of correctional treatment and stated that any lesser sentence would deprecate the seriousness of the offense. In our view, the trial court thoroughly complied with the article 894.1 guidelines at the original sentencing hearing. However, after the defendant was adjudicated a multiple offender, the trial court vacated the original sentence and imposed the maximum sentence of forty-two years at hard labor. See LSA-R.S. 14:31 and LSA-R.S. 15:529.1 A. When imposing this sentence, the trial court referred only to the fact that the defendant had been adjudicated an habitual offender. Nevertheless, for the reasons which follow, we find no abuse of discretion in the sentence imposed.
This court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). When reviewing the facts of the instant offense at the original sentencing hearing, the trial court noted that the defendant shot the victim in the head at close range during an armed robbery. The trial court stated that defense counsel had done an "outstanding job" and considered the defendant "lucky" that he had not been convicted of second degree murder and subject to a sentence of life imprisonment.[1] We find that the instant offense was clearly the worst type of offense in the category of manslaughter, and the defendant's criminal record indicated he is the worst type of offender. Considering the reasons for sentencing given by the trial court at the original sentencing hearing, the circumstances of the instant offense, and the defendant's status as a multiple offender, we conclude that the instant sentence is not excessive.
This assignment of error is meritless.

PATENT SENTENCING ERROR
After reviewing the record, we have discovered a patent sentencing error. The trial court did not give the defendant credit for time served when the new sentence was imposed. La.C.Cr.P. art. 880 requires the court to give a defendant "credit toward service of his sentence for time spent in actual custody prior to imposition of sentence." Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Hall, 287 So.2d 798, 799 (La.1973). See also State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Accordingly, we find a patent sentencing error and amend the sentence to reflect that defendant is to be given credit for time served prior to execution of his sentence. See La.C.Cr.P. art. 882 A. Resentencing is not required. However, we remand the case and order the district court to amend the commitment and minute entry of the sentencing to reflect that defendant is to be given credit for time served.
CONVICTION AND SENTENCE AFFIRMED AS AMENDED; REMANDED WITH ORDER.
NOTES
[1] The trial court's conclusion that the evidence in the instant case might have supported a conviction of second degree murder was an appropriate sentencing consideration. See State v. Wooden, 572 So.2d 1156, 1161 (La.App. 1st Cir. 1990); State v. Heath, 447 So.2d 570, 577 (La. App. 1st Cir.), writ denied, 448 So.2d 1302 (La. 1984).