824 So.2d 537 (2002)
STATE of Louisiana, Plaintiff-Respondent,
v.
Edward E. SATCHFIELD, Defendant-Applicant.
Nos. 35,631-KW, 35,632-KW.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*539 Paul Henry Kidd, Monroe, for Defendant-Applicant.
Richard Ieyoub, Attorney General, James D. Caldwell, District Attorney, Linda Lee Kincaid Watson, Assistant District Attorney, for Plaintiff-Respondent.
Before NORRIS, BROWN and KOSTELKA, JJ.
NORRIS, Chief Judge.
This pretrial application for supervisory writs arises from a criminal prosecution for one count of forging a commercial driver's license (bill No. 83,471; writ No. 35,631) and 59 counts of forgery for falsely making with the intent to defraud the signature on official log books (bill No. 83,889; writ No. 35,632). Edward Satchfield seeks reversal of the trial court's denial of his motion to quash, urging that no element of the charged offenses occurred in Madison Parish where trial is to be held. Satchfield also argues that the trial court erred in holding that a finding made at a preliminary examination concerning the driver's license was res judicata as to the subsequently filed charges involving the driver's log book. We deny in part, grant in part, make peremptory, and remand.

Facts
This case began when applicant was arrested for a probation violation at a meeting with his probation officer. While being booked, in response to the officer's request, applicant produced a driver's license which listed the licensee as "Dusty Satchfield," who is applicant's daughter. Satchfield contended that he also used that name but admitted to the officer that the social security number (SSN) was not his.
As a result, the state charged that Satchfield, on July, 27, 1997, committed forgery "by using an altered driver's license and by signing another's name to the altered driver's license." After a preliminary hearing on October 16, the District Court found probable cause to bind Satchfield for trial on the charge.
On October 28, 1997, the state also charged Satchfield with committing "59 counts of forgery by falsely making with intent to defraud the signature on writings purporting to have legal efficacy, specifically, official log books." The log book pages are signed "Dusty Satchfield," with the exception of one which is not signed.
Satchfield moved to quash both bills of information, arguing lack of venue or jurisdiction in Madison Parish. Satchfield testified that none of the log book entries was signed in Madison Parish, and that only one was signed within the state of Louisiana but that was at Fort Polk near Leesville.
The court held that the prior finding of probable cause decided the venue issue as to the driver's license charge, as well as to the 59 counts of forgery involving the log book. Accordingly, the court found jurisdiction was proper in Madison Parish. Satchfield applied for supervisory writs on the denial of his motion to quash.

*540 DiscussionRes Judicata

Both the state and the defense interpret the trial court's finding of probable cause at the preliminary hearing res judicata as to the venue issue on both forgery charges. This is error. The jurisprudence holds that a "finding at a preliminary examination is not res judicata as to a subsequently filed bill of information." State v. Smith, 307 So.2d 634 (La.1975); see also La.C.Cr.P. art. 386. Therefore, the writ is granted in this regard.

ForgeryDriver's License
The crime of forgery, as defined by La. R.S. 14:72 at the time of the commission of the alleged offenses in 1997, was: "the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy. Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery." Thus, possession of forged documents, by itself, was not a crime at the time of the alleged offenses concerning the log book.[1]See, State v. Tomlinson, 457 So.2d 651 (La. 1984).
Venue is jurisdictional in criminal cases. State v. Burnett, 33,739 (La.App. 2 Cir. 10/4/00), 768 So.2d 783, 789. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred. La.C.Cr.P. art. 611.
Moreover, improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence. La. C.Cr.P. art. 615.
A conviction of forgery has been upheld where a defendant, stopped for a traffic violation, offered to the arresting police officer a copy of a temporary driver's license issued in another's name as proof that the defendant had a valid license to operate a motor vehicle. State v. Gordon, 95-1247 (La.App. 4 Cir. 1/19/96), 668 So.2d 462, 464. The court reasoned that the temporary license had legal efficacy"the power or capacity to produce the desired result"and that the license was offered to prove the defendant had a valid license to operate a motor vehicle. The appellate court affirmed the conviction, noting that the jury made a credibility determination on the question of whether the defendant had an intent to defraud.
The law is that "it is the forging (or transferring) with a concomitant state of mind, intent to defraud, which is proscribed by R.S. 14:72. The sole act constituting the offense in each case is rather singular in nature. In the contemplation of the statute the exclusive act constituting the offense occurs when the forging or transferring takes place." State v. Frank, 355 So.2d 912, 915 (La.1978).
In a prosecution for forgery, the state is not required to prove the defendant intended to defraud a specific person. Instead, the state is "only required to prove that the defendant intended to defraud someone." State v. Watkins, 532 So.2d 1187, 1189 (La.App. 1 Cir.1988). "The criminal intent required for forgery *541 is to defraud any person, and it suffices if the forged instrument has prejudiced or might prejudice the rights of another. Moreover, specific intent is a state of mind and need not be proved as a fact but may be inferred from the circumstances and transactions of the case." State v. Fraley, 499 So.2d 1304 (La.App. 4 Cir.1986), writ granted in part on other grounds 512 So.2d 856 (1987) (citations omitted).
Here, Satchfield admitted that he transferred the driver's license to the deputy in Madison Parish. He admitted it contained the name that he and his daughter share, and her social security number. He admitted he obtained the license in that condition to show he had a valid license. Satchfield used the document to establish his identity. The document had legal efficacy to establish his unique identity, by name and by SSN. Thus, when he transferred the allegedly forged driver's license to the deputy, he committed an element of the charged offense, even if he claim, simultaneously, that he was using his daughter's SSN.
It is a jury question, not suitable for a motion to quash, as to whether the transfer in Madison Parish was done with intent to defraud. Because the transfer occurred in Madison Parish, venue is proper there and the writ must be denied as to the forged driver's license charge (bill No. 83,471; writ No. 35,631).

ForgeryLog Book
By contrast, there is no proof that the applicant forged, issued, or transferred the log book pages in Madison Parish or attempted to do so. The state did not present any evidence of the circumstances under which the log books were obtained by the authorities. The uncontradicted evidence is that these logs were signed and prepared outside the State of Louisiana except for one page which was executed near Leesville, Louisiana. The state's only claim for venue is that the pages were possessed by the defendant within Madison Parish. Possession of a forged document, standing alone, did not constitute the crime of forgery under La. R.S. 14:72 as it was defined in 1997.
Accordingly, the state failed to carry its burden of proof by a preponderance of the evidence and, under State v. Frank, supra, venue is not proper in Madison Parish as to the log book pages. Therefore, the writ must be granted, and the bill of information quashed, as to the 59 counts involving the log book (bill No. 83,889; writ No. 35,632).

Decree
As to the charge in bill No. 83,471 (writ No. 35,631), the writ is DENIED.
As to the 59 counts in bill No. 83,889 (writ No. 35,632), the writ is GRANTED, made peremptory, and the applicant's motion to quash is GRANTED.
This case is REMANDED for further proceedings.
NOTES
[1] As amended by Act No. 922 of 2001, the crime of forgery now includes "possessing with intent to defraud, a forged writing, known by the offender to be a forged writing." La. R.S. 14:72 B.