STATE OF LOUISIANA
v.
DARREN WAYNE HAYES
No. 2008 KA 1503
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
NOT DESIGNATED FOR PUBLICATION
ANTHONY G. FALTERMAN, District Attorney DONALDSONVILLE, Louisiana, DONALD D. CANDELL Assistant District Attorney Counsel for Appellee State of Louisiana
BERTHA M. HILLMAN Counsel for Defendant/Appellant Darren Wayne Hayes
Before: PARRO, McCLENDON, AND WELCH, JJ.
McCLENDON, J.
Defendant, Darren Wayne Hayes, was charged by bill of information with theft (value over $500.00), a violation of LSA-R.S. 14:67. He initially pled not guilty. Prior to trial, defendant withdrew his not guilty plea and entered a plea of guilty as charged. Following a Boykin examination, the trial court accepted defendant's guilty plea. Defendant was sentenced to seven years imprisonment at hard labor. He then moved for reconsideration of the sentence, which motion was denied. Defendant now appeals, challenging the trial court's ruling on his motion to reconsider the sentence. Finding no merit in this assignment of error, we affirm defendant's conviction and sentence.

FACTS
Because defendant pled guilty, the facts of the offense were never fully developed in the record. During the Boykin hearing, the trial court noted that Mon or about May 25th, 2005 in the Parish of Ascension [defendant] committed theft of a lawnmower in the amount of  being over $500.00 belonging to Matthew Boudreaux." Defendant agreed with these facts as the basis for his guilty plea.

DENIAL OF MOTION TO RECONSIDER SENTENCE
In his sole assignment of error, defendant argues the trial court erred in denying his motion to reconsider his sentence. Specifically, he contends the sentence imposed is excessive as the trial court failed to give adequate consideration to relevant mitigating factors under the provisions of LSA-C.Cr.P. art. 894.1. He asserts the trial court failed to consider that: 1) he showed remorse for his actions, 2) he is an alcoholic and is seeking treatment, 3) he has a minor child with behavioral problems who is in need of defendant's assistance, and 4) he is an air conditioning technician who has earning capacity to support his family. In light of these mitigating factors, defendant contends the sentence of seven years at hard labor constitutes cruel and unusual punishment and is nothing more than a needless imposition of pain and suffering under the facts and circumstances of this case. Defendant further asserts the trial court failed to give adequate consideration to the guidelines set forth in LSA-C.Cr.P. art. 894.1 in particularizing the sentence.
The Louisiana Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin, 562 So.2d 1, 11 (La.App. 1 Cir.), writ denied, 565 So.2d 942 (La. 1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness must consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1 Cir. 1988).
The imposition of excessive punishment is prohibited by Article I, Section 20, of the Louisiana Constitution. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. State v. Reed, 409 So.2d 266, 267 (La. 1982).
A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lobato, 603 So.2d 739, 751 (La. 1992). Thus, even a sentence within statutory limits may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979).
In this matter, defendant's conviction for theft of over $500.00 exposed him to a potential penalty of imprisonment with or without hard labor for not more than ten years, a fine of not more than three thousand dollars, or both. See LSA-R.S. 14:67B(1). As previously noted, defendant was sentenced to imprisonment at hard labor for seven years, clearly within statutory parameters. Our review of the record reveals no manifest abuse of discretion in the trial court's imposition of sentence. The sentence does not violate LSA-C.Cr.P. art. 894.1, nor is it unconstitutionally excessive.
The record reflects that, after accepting defendant's guilty plea, the trial court deferred sentencing and ordered a presentence investigation report (PSI). Subsequently, at the sentencing hearing, the court noted that it had received and considered the PSI detailing defendant's social and criminal history, letters from various family members, and a letter from defendant. Information contained in the PSI reflected that defendant was forty-one years old and a third-felony offender. Defendant previously pled guilty to simple burglary in Ascension Parish in 1989 and was sentenced to five years at hard labor. The sentence was suspended and defendant was placed on three years of supervised probation. In 1990, defendant pled guilty to simple burglary in East Baton Rouge Parish. He was sentenced to seven years at hard labor. His sentence was suspended, and defendant was placed on supervised probation for three years. The sentence in that case was ordered to run concurrently with the sentence from Ascension Parish. In January 1996, defendant was sentenced to imprisonment at hard labor for nine years for seven counts of simple burglary in East Baton Rouge Parish. Shortly thereafter, in April 1996, defendant was sentenced to two years at hard labor for felony theft in East Baton Rouge Parish. The sentence in that case was ordered to run concurrently with the January 1996 sentence. In light of defendant's extensive criminal history and his failure to respond to previous probation efforts, the PSI recommended imposition of the maximum hard labor sentence allowed for the instant offense.
Considering the guidelines of LSA-C.Cr.P. art. 894.1, the trial court rejected the possibility of a suspended sentence or probation for the instant offense, reasoning that there would be an undue risk that defendant would commit another crime during any period of probation. The court concluded that defendant needed correctional treatment in a custodial environment, and that any lesser sentence would deprecate the seriousness of the crime committed. The court further stated:
The Court has specifically noted the defendant's prior offenses and criminal record as contained in the Pre-Sentence Report. In arriving at a sentence the Court considered all factors mentioned in the Code of Criminal Procedure Article 894.1; and in addition to the positive findings under Al, 2, and 3, particular mention should be made of the following under subsection (b):
That the offender has persistently [been] involved in similar offenses not already considered as criminal history or as part of a multiple offender adjudication. The Court did consider the defendant's age, his work status, and social history.
Given the trial court's wide discretion in the imposition of sentences and the fact that defendant's sentence was well within the statutory limits, we cannot say that the trial court manifestly abused its discretion in sentencing the defendant to seven years at hard labor. The record in this case clearly indicates that the trial court was aware of each of the relevant mitigating factors set forth by defendant in his brief. Evidence presented at the sentencing hearing (which included the PSI, written and verbal statements from defendant and a letter from his mother) reflects defendant's occupation, the fact that he showed remorse for his actions (which he claimed were attributable to his alcoholism), and that he had a minor child with behavioral issues. Thus, it is clear that the trial court considered the mitigating evidence. There is no requirement that any specific mitigating factors be given any particular weight by the sentencing court. See State v. Dunn, 30,767, p. 2 (La.App. 2 Cir. 6/24/98), 715 So.2d 641, 643. Although the trial court did not list every aggravating and/or mitigating factor, the record sufficiently provides a factual basis for the sentence imposed. Contrary to defendant's assertions, the trial court's reasons for sentence demonstrated compliance with LSA-C.Cr.P. art. 894.1. Furthermore, the sentence imposed was not grossly disproportionate to the severity of the offense and, thus, was not unconstitutionally excessive. Accordingly, the trial court did not err in denying the defendant's motion to reconsider the sentence. This assignment of error lacks merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.