496 So.2d 563 (1986)
STATE of Louisiana
v.
Ervin LOUIS.
No. 86-KA-0178.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*564 Bernard E. Boudreaux, Jr., Dist. Atty., Edward M. Leonard, Jr., Asst. Dist. Atty., Franklin, for appellee.
Ervin Joseph Louis, Angola, for appellant.
Before EDWARDS, WATKINS and PONDER[*], JJ.
*565 EDWARDS, Judge.
The defendant, Ervin Louis, was charged by bill of information with armed robbery, in violation of LSA-R.S. 14:64. Louis pled not guilty and elected trial by jury. The jury convicted the defendant as charged. The State filed a multiple offender bill, and after a hearing, the defendant was found to be a second felony offender. He received a sentence of sixty years at hard labor without benefit of parole, probation, or suspension of sentence.
The defendant filed a motion to dismiss his court appointed counsel which was granted by the trial court after a hearing. The defendant has appealed in proper person, alleging eleven assignments of error.
On October 21, 1984, the defendant, Ervin Louis, and Theodore Riggs drove up to the Little General convenience store in Bayou Vista, Louisiana. Riggs purchased a soft drink and began to leave the store. At this time, the defendant produced a hand gun and demanded money from the cashier, Kari Brown. She placed the cash drawer on the counter and the defendant grabbed all of the bills (approximately $65). Riggs attempted to leave the store without the defendant, but Louis ran after the car and jumped into the back seat. Riggs was not a participant in the robbery. He got out of the car and Louis sped away. Ms. Brown immediately reported the robbery to the St. Mary Parish Sheriff's Office in Morgan City. She briefly described the defendant and his clothing to the dispatcher and also told him that the defendant had fled in a vehicle which she described as "a green car, possibly a Plymouth."
Shortly thereafter, Deputy Lonnie LaBauve spotted a green Plymouth in the vicinity of the store. He pulled behind the vehicle and turned on his flashing red lights in an attempt to stop the vehicle. However, the defendant accelerated and ran through five stop signs before losing control of the car and going into a ditch. The defendant was ordered out of the car and placed under arrest. Deputy LaBauve searched the vehicle and discovered $43 in small bills located under the driver's sun visor. An additional $20 was later found in the defendant's pocket.
The defendant was taken back to the Little General store and Ms. Brown identified him as the man who robbed her at gunpoint twenty minutes earlier.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant raises the issue of ineffectiveness of trial counsel. Ordinarily, claims of ineffectiveness of counsel are raised by applications for post-conviction relief in the trial court where full evidentiary hearings may be conducted. State v. Williams, 464 So.2d 451, 455 (La.App. 1st Cir.1985). However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Bourgeois, 451 So.2d 172, 174 (La.App. 1st Cir.), cert. denied, 457 So.2d 18 (La.1984).
The burden is on the defendant to prove ineffective assistance of counsel. The defendant must show that his counsel's performance was deficient and that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A close examination of the record and the remarks of the trial judge support a finding that defense counsel's performance was competent.
The court in Bourgeois, 451 So.2d at 174-75, acknowledged that effective counsel is not errorless counsel, or counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. Since the defendant failed to make the required showing of deficient performance by his trial counsel, there can be no prejudice to him. In light of the overwhelming evidence of the defendant's guilt, any minor errors or omissions by the appointed trial counsel did not deprive the defendant of a fair trial.
*566 This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, defendant contends that his arrest lacked probable cause, so the evidence seized during the search of the vehicle ($43 in small bills and his brother's driver's license) and the subsequent identification of the defendant by the victim should not have been admitted at trial.
A law enforcement officer may stop a person in a public place whom he reasonably suspects is involved in past, present, or imminent criminal activity. LSA-C. Cr.P. art. 215.1. Reasonable cause for an investigatory stop or detention is something less than probable cause. The detaining officer must "have articulable knowledge of particular facts sufficient reasonably to suspect the detained person of criminal activity." State v. Edsall, 385 So.2d 207, 209 (La.1980). In establishing reasonable cause, a critical element is knowledge that an offense has been committed. "When the officer making the stop knows a crime has been committed, he has only to determine whether the additional trustworthy information justifies a man of ordinary caution to suspect the detained person of the offense." State v. Bickham, 404 So.2d 929, 932 (La.1981).
In the instant case, Deputy LaBauve was aware that an armed robbery had been committed by two black males who left the scene in "a green car, possibly a Plymouth." The Deputy observed a green Plymouth in the vicinity of the store within ten minutes of the robbery. As he approached the suspect vehicle, he was able to see the driver was a black male. These circumstances justify the Deputy's attempt to detain the defendant for an investigatory stop. The defendant's attempt to escape after Deputy LaBauve put his flashing red lights on was consistent with the conduct of a person who had just committed a crime and further supported the Deputy's suspicion that this vehicle was connected with the robbery. Since Deputy LaBauve had probable cause to arrest the defendant, the evidence found incident to this lawful arrest was properly admitted. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBERS THREE, FOUR AND FIVE
In these assignments of error, the defendant argues that the manner in which the petit jury was selected denied him due process of law.
During the voir dire, eight jurors had been selected when it was discovered that the names of two prospective jurors were not contained inside the general venire box. The defendant objected, arguing that he did not have the opportunity to have the names of the two omitted jurors drawn indiscriminately. The trial court immediately conducted a hearing and concluded that the omission of the two names was an inadvertent error on the part of the bailiff. The judge allowed the two names to be placed in the box and redrawn. Later, the defendant again objected, arguing that the trial court's action in returning these two names when the defendant only had one peremptory challenge left forced him to accept an undesirable juror.
LSA-C.Cr.P. art. 419 states that a petit jury venire should not be set aside unless fraud has been practiced or the defendant would suffer irreparable injury due to the great wrong committed. The defendant has the burden of establishing fraud or irreparable injury in the jury selection process. State v. Brown, 414 So.2d 726, 728 (La.1982). Due process in a criminal jury trial requires that the defendant be afforded a jury from which there has been no arbitrary exclusion of any particular group of individuals. A defendant has the right to a competent and impartial jury. He does not have the right to trial by a particular jury or juror. State v. Robertson, *567 464 So.2d 760, 764 (La.App. 1st Cir.1984), cert. denied, 467 So.2d 534 (La.1985).
In the instant case, the trial court found that the error in the omission of the new names from the general venire box was inadvertent and that no fraud was involved. The defendant has failed to demonstrate the bias or incompetence of his particular jury or that any irreparable injury resulted from this inadvertent error.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER SIX
In this assignment of error, the defendant argues that the trial court erred in accepting the "guilty" verdict returned by the jury since it did not specify a particular offense.
There is no formal requirement as to the language of the verdict except that it shall clearly convey the intention of the jury. LSA-C.Cr.P. art. 810. In this case, the jury's verdict stated: "We, the Jury, find the defendant Guilty." This verdict was correct in form and responsive to the bill of information charging the defendant with the crime of armed robbery. See LSA-C.Cr.P. art. 811. Since the verdict clearly conveys the intention of the jury, the trial judge did not err in accepting the verdict of "Guilty." See LSA-C.Cr.P. art. 814.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBERS SEVEN AND EIGHT
In these assignments of error, the defendant contends that the trial judge improperly admitted into evidence the defendant's prison record which contained an uncertified set of his fingerprints. He argues that if this evidence had been excluded there would not have been sufficient evidence to convict him as a multiple offender. Under LSA-R.S. 15:529.1(F), the officer with legal custody of the documents must properly certify them before they can be admitted into evidence as proof of prior offenses. In the instant case, the defendant's prison record was properly certified by the Custodian of Records and the Secretary of the Louisiana Department of Public Safety and Corrections, which is a penitentiary agency that had legal custody of the documents. Therefore, the trial court properly admitted the defendant's prison record (which included his fingerprints) into evidence. See State v. Lambert, 475 So.2d 791, 796 (La.App. 3rd Cir.1985), cert. denied, 481 So.2d 1345 (La.1986).
The fingerprints in the prison record were also analyzed by an expert in fingerprint comparison, David Naquin, who concluded that they belonged to the defendant. The combination of this expert testimony and the defendant's prison record was sufficient to convict the defendant as a multiple offender.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER NINE
In this assignment of error, the defendant requests this court to review the record for patent errors, which this Court would have done in any event. The defendant argues in his brief that the evidence was insufficient to support his conviction. Under LSA-C.Cr.P. art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without an inspection of the evidence. After a careful review of the record in these proceedings, we find no patent errors.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TEN
In this assignment of error, the defendant contends that the prosecutor abused his power in granting Theodore Riggs immunity in exchange for his testimony against the defendant. Since the district attorney has complete control of every *568 criminal prosecution instituted or pending in his district, he has the authority to determine whom, when, and how he shall prosecute. LSA-C.Cr.P. art. 61. Furthermore, the prosecution stated for the record that the charges against Mr. Riggs were going to be dismissed whether or not he testified against the defendant.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER ELEVEN
In this assignment of error, the defendant argues that the trial court erred in imposing an excessive sentence.
Article 894.1 of the Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before passing sentence. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984). The trial court has wide discretion in the imposition of sentences and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984).
The trial court satisfied the criteria set forth in LSA-C.Cr.P. art. 894.1. The sentencing record reflects that the trial court found several aggravating circumstances. The trial court noted that the instant offense was the defendant's second armed robbery conviction. In addition to these two felony convictions, the pre-sentence investigation revealed several misdemeanor arrests and convictions. In imposing this sentence, the trial court stated that there was an undue risk that the defendant would commit further crimes, the defendant was in need of correctional treatment, and any lesser sentence would deprecate the seriousness of the offense. The defendant was exposed to a minimum of 33 years and a maximum of 198 years at hard labor since he was convicted as a second felony offender. In sentencing the defendant to 60 years at hard labor, without benefit of parole, probation, or suspension of sentence, the trial court actually imposed a sentence in the lower range of the sentencing scale. Under the circumstances, we cannot say that this sentence is excessive.
This assignment of error is without merit.
Accordingly, for the above reasons the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.