671 So.2d 436 (1995)
STATE of Louisiana
v.
Michael ROBERTSON.
No. 94 KA 1379.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Writ Denied February 9, 1996.
*437 Stephen P. Callahan, Houma, for Appellee State of Louisiana.
Margaret S. Sollars, Houma, for Appellant Michael Robertson.
Before CARTER, PITCHER and CRAIN, JJ.[1]
PITCHER, Judge.
Defendant, Michael Robertson, was charged by bill of information with simple arson with damage less than $500, in violation of LSA-R.S. 14:52. He pled not guilty and, after a jury trial, was found guilty as charged. Thereafter, the State filed a habitual offender bill of information. After a hearing, defendant was adjudicated a fourth felony habitual offender and received a thirty year sentence at hard labor, with credit for time served. In State v. Robertson, 615 So.2d 1036 (La.App. 1st Cir.), writ denied, 619 So.2d 1062 (La.1993), this court affirmed defendant's conviction but vacated the fourth felony habitual offender adjudication and sentence because the three predicate convictions were enhanced under the Habitual Offender Statute (LSA-R.S. 15:529.1), in violation of the "sequencing" rule announced in State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992) (on rehearing). The case was remanded to the trial court with instructions that it resentence defendant as a second felony habitual offender.
On remand, defendant was adjudicated a second felony habitual offender and sentenced to thirty years at hard labor with credit for time served. Defendant appealed the sentence as excessive and, in an unpublished opinion[2], this Court noted a patent sentencing error, vacated the sentence and remanded the case to the trial court with instructions to resentence defendant.
On resentencing, defendant was sentenced to ten years at hard labor, with credit for time served. Thereafter, defendant filed a motion to reconsider sentence which was denied by the trial court.
Defendant now appeals, alleging the following assignments of error for our review:
1.
The Trial Court erred in finding the defendant guilty as an Habitual Offender.
2.
The Trial Court erred in imposing an excessive sentence in the Bill of Information of an Habitual Offender.

*438 ASSIGNMENT OF ERROR NUMBER ONE

Assignment of Error Number One was expressly abandoned by defendant and thus, will not be considered.

ASSIGNMENT OF ERROR NUMBER TWO
Through this assignment of error, defendant contends that his sentence is cruel and unusual punishment and is "nothing more than a needless imposition of pain and suffering." Defendant argues that the trial court exceeded the sentence recommended by the Felony Sentencing Guidelines. Defendant contends that the trial court did not consult the guidelines and did not state for the record the considerations taken into account when imposing sentence.
Defendant's argument is correct. However, effective August 15, 1995, the Legislature repealed that provision in LSA-C.Cr.P. art. 894.1A requiring a trial court to consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission. See 1995 La. Acts No. 942, § 1. Those Guidelines were applicable to sentences imposed on and after their effective date (January 31, 1992), even when the offenses were committed prior to their effective date and even when an original sentence was imposed prior to the effective date and a new sentence imposed thereafter. See State v. Sabathe, 617 So.2d 1176, 1177 (La.1993); State v. Blue, 591 So.2d 1172 (La.1992); State v. Moses, 615 So.2d 1030, 1035 (La.App. 1st Cir.), writ denied, 624 So.2d 1223 (La.1993). To that extent, the Guidelines were retroactive. Similarly, the repeal of the provision in Article 894.1A requiring a trial court to consider the Guidelines promulgated by the Louisiana Sentencing Commission is applicable to new sentences imposed on and after August 15, 1995, even when the original sentence was imposed prior thereto.
Therefore, although we recognize that under the jurisprudence and statutory scheme which existed when the instant sentence was imposed, the sentence would be vacated because the record does not reflect consideration of the Guidelines by the trial court, we decline to vacate the defendant's sentence on that ground. Any new sentence would be imposed at a time when the trial court is no longer required to consider the Guidelines. Hence, to vacate the instant sentence for failure to consider the Guidelines promulgated by the Louisiana Sentencing Commission would be an exercise in futility. However, we will consider the issue of constitutional excessiveness of the instant sentence.
A sentence is constitutionally excessive if it is grossly disproportionate to the crime or is nothing more than the needless imposition of pain and suffering. The determination turns upon the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Waguespack, 589 So.2d 1079, 1086 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La.1992). A sentence may be excessive by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Waguespack, 589 So.2d at 1086. A sentence imposed within statutory limits should not be set aside as excessive absent a manifest abuse of discretion. State v. Sepulvado, 367 So.2d 762, 767 (La.1979); State v. Lay, 93-1063 (La.App. 1st Cir. 5/20/94), 637 So.2d 801, 808.
The Supreme Court, in State v. Smith, 93-0402 (La.7/5/94), 639 So.2d 237 (on rehearing), held that mechanical compliance with the guidelines did not end appellate inquiry into the constitutional excessiveness of a sentence imposed by a trial court. The Smith opinion focuses on the obligation of the trial court to consider the sentencing guidelines as a norm prior to imposing a sentence, but recognizes that regarding a person as merely a variable in a mathematical formula does not substitute for the judicial function of sentencing. To that end, the Supreme Court confirmed that the trial court, having considered the guidelines, may rely on his or her own instincts and experiences and impose any sentence within the statutory sentencing range for the crime for which the defendant stands convicted. In so doing, the trial court is only required to state for the record what factors prompted his sentencing choice. This *439 latter obligation, codified by LSA-C.Cr.P. art. 894.1, ensures that the sentence is not hastily or rashly imposed but rather is rendered as a well reasoned opinion of the court based upon the facts and circumstances of the case and the character and propensities of the defendant. Just as reasons for judgment provide a reviewing court with insight into the basis for a civil judgment, reasons for sentencing assist a reviewing court in determining whether the sentence is constitutionally excessive as to a particular defendant.
The Supreme Court emphasized in Smith that when the trial court adheres to the requirements of LSA-C.Cr.P. art. 894.1 and imposes a sentence within the statutory range, an appellate court is limited to a traditional review of the sentence for constitutional excessiveness, regardless of whether the trial court imposed sentence pursuant to the guidelines or outside of the range recommended by the guidelines. State v. Smith, 93-0402, p. 8 (La. 7/5/94), 639 So.2d at 242.
In order to perform this review, courts have historically considered not only the trial court's articulated reasons for sentencing, but where the reasons are inadequate or not stated, has examined the available record to determine if the record "illumines the sentencing choice". Cf. State v. Smith, 430 So.2d 31, 46 (La.1983). Where the record clearly demonstrated an adequate factual basis for the sentence imposed, a remand for compliance with LSA-C.Cr.P. art. 894.1 was considered unnecessary, See State v. Lanclos, 419 So.2d 475, 478 (La.1982). Similarly, a remand for more complete compliance with LSA-C.Cr.P. art. 894.1 was also not required when the sentence imposed was not apparently severe. See State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982); State v. Guillory, 404 So.2d 453, 458 (La.1981) (on rehearing).
In Smith, the Supreme Court made it clear that a reviewing court, in the exercise of its jurisdiction to review sentences for constitutionality despite adherence by the trial court to the sentencing guidelines, has the authority to remand the case to the lower court for supplementation of the record with sentencing reasons. State v. Smith, 93-0402, p. 9, n. 13 (La. 7/5/94), 639 So.2d at 243.
What was not immediately apparent in Smith is whether a reviewing court is required to order such a remand where the reasons for the sentence are apparent from the record, although not adequately articulated by the trial court. The statutory authority, however, clarifies the scope of appellate jurisdiction and codifies for simplicity the previous jurisprudence.
LSA-C.Cr.P. art. 881.3 provides that "[i]n reviewing a sentence the appellate court may consider the record of the case which shall include any evidence or relevant information introduced at preliminary hearings, hearings on motions, arraignments, or sentencing proceedings, and any relevant information included in a presentence investigation report filed into the record at sentencing. In order to preserve confidentiality, in appropriate cases, the court may order that the presentence report, or any portion thereof, be held under seal." LSA-C.Cr.P. art. 881.4D additionally states that "[t]he appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed." Article 881.4C indicates that a remand is only required when necessary "to an appropriate disposition" of the case, not merely to extract mechanical Article 894.1 compliance from the trial judge.
Accordingly, when reviewing a sentence alleged to be excessive, lacking a factual basis, or lacking a statement of sentencing reasons, if this Court concludes that the sentence is otherwise supported by the record, the sentence may be affirmed without a remand for resentencing or supplementation merely for compliance with LSA-C.Cr.P. art. 894.1.
The crime of simple arson, where the damage is less than five hundred dollars, is punishable by a fine of not more than twenty-five hundred dollars or imprisonment with or without hard labor for not more than five years, or both. Because the defendant was adjudicated to be a second felony offender, the trial court could impose a sentence from a minimum of two and one-half years to a maximum of ten years at hard labor. LSA-R.S. *440 15:529.1A(1)(a). The defendant received the maximum sentence of ten years at hard labor, but no fine was imposed. This Court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983).
Before imposing the present sentence, the trial court noted that the defendant had been previously convicted of three felonies. The trial court then stated that it believed the defendant was badly in need of custodial environment.
Apparently, no presentence investigation was ordered in the present case. However, the record reveals that defendant was twenty-four years of age when the present offense was committed. The record further reveals that defendant has a tenth grade education and has been employed as an automobile mechanic. Defendant also has two dependents.
Additionally, evidence introduced at the habitual offender hearing indicates that in exchange for defendant's plea of guilty to the three felony theft charges (which formed the basis for the habitual offender charge), the State dismissed nine bills of information[3].
Although the trial court gave only minimal reasons when imposing this sentence, we conclude that the record contains sufficient information about the defendant and this offense to support the sentence imposed in this case. Therefore, this assignment of error is without merit.
SENTENCE AFFIRMED.
NOTES
[1] Judge Hillary Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Docket Number 93 KA 1200 c/w 93 KA 1201.
[3] These bills of information charged the defendant as follows:

# 174,431 Aggravated Assault (2 counts) Simple Assault (2 counts)
Resisting An Officer
# 174,424 Driving While Intoxicated (2nd Offense)
# 174,425 Simple Battery
# 174,426 Hit And Run (3 counts)
# 174,427 Simple Criminal Damage To Property
Aggravated Obstruction Of A Highway Of Commerce
# 174,428 Reckless Operation Of A Vehicle (2 counts)
Resisting An Officer
Flight From An Officer
# 174,429 Driving Under Suspension